Order Filed on November 7, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br><br> **ANDRE LADIKA** <br><br> Debtor. | Case No.: 23-18387 <br><br> Chapter: 13 <br><br> Judge: John K. Sherwood |
| **ANDRE LADIKA AND LUISA LADIKA** <br><br> Plaintiffs, <br><br> v. <br><br> **BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT INC. ALTERNATIVE LOAN TRUST 2006-24CB, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-24CB,** <br><br> Defendant. | Adv. Pro. No.: 24-01064 |

### DECISION RE: MOTIONS FOR SUMMARY JUDGMENT, FEDERAL RULE 103 EVIDENCE HEARING AND CROSS MOTION BY DEFENDANT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: November 7, 2024**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:       Andre Ladika
Case No.:    24-01064
Memo:        **Motion for Summary Judgment and Motion for Evidentiary Hearing**

## Introduction

1. In this adversary proceeding, *pro se* debtor and plaintiff, Andre Ladika, and non-debtor spouse Luisa Ladika, (collectively "Plaintiffs"), challenge whether defendant, Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-24CB, Mortgage Pass-Through Certificates, Series 2006-24CB ("BNY"), owns the mortgage against their house and has a valid secured claim of $639,379.87. The nominee of the mortgagee, Mortgage Electronic Registration Systems, Inc ("MERS"), transferred the mortgage from the original lender, First Jersey Mortgage Services ("FJMS"), to BNY while the mortgage was in default. Thereafter, BNY obtained a foreclosure judgment against the Plaintiffs in State Court. Nevertheless, the Plaintiffs claim BNY should not have a secured claim because it is a debt-collector and has not provided a proper proof of claim or evidence of the assignment from FJMS. The Plaintiffs also request a "Rule 301 evidence hearing" to challenge BNY's status as the holder of the mortgage. BNY denies all claims and asserts that it has a valid secured claim. Both Plaintiffs and BNY have moved for summary judgment.

## Background and Procedural History

2. The Superior Court of New Jersey, Chancery Division entered a Final Judgment of Foreclosure against Mr. and Mrs. Ladika on February 6, 2023, in the amount of $470,483.97. [ECF No. 9, p. 4-5]. After the foreclosure judgment, Mr. Ladika filed for Chapter 13 relief on September 26, 2023. [Dkt. No. 23-18387, ECF No. 1]. Mr. Ladika's wife, Luisa Ladika, speaks on Mr. Ladika's behalf as an accommodation under the Americans with Disabilities Act. [Dkt. No. 23-18387, ECF Nos. 35, 37, and 43]. Because Mrs. Ladika is not an attorney, her arguments are repetitive

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 3 of 12

3

| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

and sometimes hard to understand. The Court has tried its best to interpret her arguments. The Court notes that on October 4, 2024, Amit Deshmukh, Esq. entered an appearance on behalf of Mr. Ladika in the bankruptcy case. [Dkt. No. 23-18387, ECF No. 52]. Mr. Ladika's counsel has not made an appearance or taken any action in this adversary proceeding.

3. On December 5, 2023, BNY filed a proof of claim for $639,379.87. [Claim 2-1]. The Plaintiffs filed this adversary proceeding against BNY on February 12, 2024. [ECF No. 1]. They allege that BNY failed to produce authenticated evidence of its purchase or assignment of the promissory note. [*Id.*]. Mr. Ladika also objected to BNY's proof of claim on February 13, 2024, alleging that BNY is not the loan holder. [Dkt. No. 23-18387, ECF No. 46, p. 7]. Thus, Mr. Ladika suggests that FJMS is still the holder of the note and mortgage. Since FJMS is now "defunct," the homeowner believes that his house is now mortgage free.

4. The Plaintiffs filed a Motion for Summary Judgment on May 9, 2024. [ECF No. 11]. BNY filed a Cross Motion for Summary Judgment, alleging that there is no genuine issue of material fact in dispute. [ECF No. 13, pp. 16-18].

5. On May 24, 2024, Plaintiffs also filed a "Motion for Federal Rule 103 Evidence Hearing" requesting a hearing to determine whether BNY's mortgage assignment was forged and whether the allonges to the original promissory note were fabricated and are thus unenforceable. [ECF No. 12].

6. Plaintiffs also filed an Omnibus Motion for the Chapter 13 Trustee to Investigate BNY's claim on May 31, 2024, and a Supplemental Omnibus Motion to Enter Default and Dismiss BNY's claim and other relief on June 20, 2024. [ECF No. 14; ECF No. 17]. The Court denied both Motions on June 25, 2024. [ECF No. 28].

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 4 of 12

4

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

7. The history of the transfers of the Ladika mortgage is complicated in some places. The Court's understanding is as follows:

   a. On May 17, 2006, Mr. and Mrs. Ladika executed the note and mortgage with FJMS for $292,500.00. The mortgage recognized MERS as the nominee for FJMS. Monthly payments were $1,800.97. Thereafter, FJMS endorsed the note to Countrywide Home Loans, who endorsed it to Countrywide Bank, N.A., who endorsed it to Countrywide Home Loans, Inc. Finally, Countrywide Home Loans, Inc. endorsed the note in blank. [Claim 2-1, ECF No. 33, ¶ 26].

   b. On July 1, 2008, Bank of America acquired all the assets of Countrywide Home Loans, Inc. which, the Court assumes, included the Ladika note and mortgage. [*Id.*]. As a result of Bank of America's Countrywide acquisition, it became a party to a Pooling and Servicing Agreement dated June 1, 2006 under which Bank of New York is named Trustee. [Claim 2-1, p. 45]. Because the record is blurry here, the Court infers that Bank of America is the beneficial owner of the Ladika note and mortgage and BNY, as trustee, is authorized to service a "pool" of mortgages and notes which includes those executed by the Ladikas. [*See* ECF 33, pp. 15-16, Claim 2-1, pp. 41-42]. This series of transfers from FJMS, to Countrywide and then to Bank of America because of its acquisition of Countrywide is difficult to follow and could have been better explained in BNY's proof of claim and its motion papers. Though mortgages and notes are routinely assigned from one institution to another, it is easy to see how homeowners like the Ladikas might have trouble following the owners of their mortgages over the course of time.

    c. What is clear is that on September 6, 2011, MERS assigned all right, title, and interest in the Ladika mortgage and note to BNY; the assignment was recorded in Passaic County by Bank of America (Ingeo Systems Inc) on September 13, 2011. [ECF No. 13-8]. At the time of the assignment, the Ladikas were in default due to non-payment. [Claim 2-1, p. 5]. It appears that the Ladikas made some payments on the mortgage note from September 2017 through August 2018 with the last payment being made in February 2019. [*Id.* at pp. 8-10].

    d. As set forth above, BNY was granted a foreclosure judgment against the Ladikas on February 6, 2023. [ECF No. 9, p. 4-5].

## Legal Analysis

### *Claim Preclusion*

8. The arguments made in this adversary proceeding suggest that the foreclosure judgment should be disregarded. The foreclosure judgment established that BNY was the holder of the mortgage and note, that the Ladikas were in default, that the amount due to BNY was $470,483.97 (plus interest and attorney fees), and that BNY could foreclose on the Ladikas' house to recover the amounts due. There is no doubt that the Plaintiffs want these findings relitigated in this adversary proceeding. But this is something the Court is not authorized to do. This adversary proceeding should be dismissed based on claim preclusion arguments alone, including the Entire Controversy Doctrine, Rooker-Feldman Doctrine, and res judicata. It is also worth noting that Mr. and Mrs. Ladika have been using the Bankruptcy Court to stall the foreclosure on their house since BNY's initial foreclosure complaint filing in February 2013. [Dkt. No. 17-01489-RG, ECF No. 3-1]. Prior to Mr. Ladika's filing of this case, Mrs. Ladika filed for Chapter 13

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 6 of 12

6

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

bankruptcy in 2017 and sought to relitigate the State Court orders granting summary judgment to BNY and striking the Ladikas' Answer in the foreclosure action. Mrs. Ladika's adversary complaint against BNY was dismissed and her request for leave to amend the Complaint was denied as futile. [Dkt. No. 17-01489-RG, ECF No. 15]. Mrs. Ladika's Chapter 13 case (#17-13452) was dismissed in September 2018. [Dkt. No. 17-13452-RG, ECF No. 116]. Then, on May 23, 2023, Mrs. Ladika filed another *pro se* Chapter 13 case (#23-14393) which was dismissed on August 10, 2023 because she did not file the basic documents required from every Chapter 13 debtor. [Dkt. No. 23-14393-RG, ECF No. 24]. With Mrs. Ladika having worn out her welcome in bankruptcy, Mr. Ladika (with Mrs. Ladika speaking on his behalf) filed this case on September 26, 2023 and is taking another bite of the apple.

9. The Entire Controversy Doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2011) (quoting *Melikian v. Corradetti,* 791 F.2d 274, 279 (3d Cir. 1986)). The doctrine is narrowed in foreclosure actions, allowing only "germane" claims to be precluded if they are not brought by a party to the case. N.J. Ct. R. 4:64-5. If claims arise out of the mortgage that is the basis of the foreclosure action, then they are considered germane. *Leisure Tech-N.E., Inc. v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 358 (App. Div. 1975); *Delacruz v. Alfieri*, 447 N.J. Super. 1, 12-16 (Law Div. 2015). The Plaintiffs' claims here were germane in the State Court foreclosure case and are precluded by the Entire Controversy Doctrine.

10. The Rooker-Feldman Doctrine "is a 'narrow doctrine' that 'applies only in limited circumstances.'" *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 7 of 12

7

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

Cir. 2010) (quoting *Lance v. Dennis*, 546 U.S. 459, 464-66 (2006)). Under this doctrine, federal courts do not have the subject matter jurisdiction to review the final judgments of state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies and bars a federal court's jurisdiction if the following requirements are met: (1) the federal plaintiff must have lost in state court; (2) the federal plaintiff's complaints are of injuries caused by the state court judgment; (3) the state court judgment was rendered prior to filing the federal suit; and (4) the plaintiff is asking the federal court to "review and reject the state judgments." *Great W. Mining & Min. Co.*, 615 F.3d at 166.

11. Mr. and Mrs. Ladika lost in State Court prior to filing this adversary proceeding. They are asking this Court to review and reject the foreclosure judgment because it determined that BNY has the right to foreclose on their house. This adversary proceeding should be dismissed under the Rooker-Feldman Doctrine.

12. Res judicata bars "a second litigation of the same cause of action," which includes asserting claims that could have been included in the initial litigation. *In re Crispino*, 160 B.R. 749, 754 (Bankr. D.N.J. 1993). Res judicata also applies to default judgments in New Jersey. *Id.* Res judicata applies when: (1) previous litigation resulted in a final judgment on the merits, (2) the subsequent litigation is between "the same parties or their privies," and (3) there must be "a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). The Plaintiffs are raising arguments in this adversary proceeding that either were raised in the foreclosure case or could have been raised. Thus, res judicata provides another basis for dismissal.

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

### *Objection to BNY's Proof of Claim and Request for an Evidentiary Hearing*

13. One of the main requests of the Plaintiffs in this adversary proceeding is for the Bankruptcy Court to review BNY's proof of claim (Claim 2-1) and conduct an evidentiary hearing to determine its validity. [*See* ECF 1, p. 21]. The Bankruptcy Court has the power and duty to conduct evidentiary hearings on claim validity in certain situations.

14. Section 502(a) of the Bankruptcy Code provides that a proof of claim is allowed unless a party in interest objects. After an objection, the Court has the discretion to determine whether the claim is allowed and in what amount. 11 U.S.C. § 502(b). In bankruptcy, the burden of proof to provide sufficient evidence initially belongs to the claimant. A proof of claim is afforded prima facie validity if the claimant includes (1) a copy of the writing evidencing the property interest, (2) a statement of the circumstances if the writing was lost or destroyed, and (3) evidence that the claimant's security interest has been perfected. Bankruptcy Rule 3001. Once the claim is deemed prima facie valid, the objecting party has the burden to produce evidence negating the claim's prima facie validity. If sworn facts within the proof of claim are refuted, the claimant has the burden to prove validity by a preponderance of evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

15. BNY filed its proof of claim in accordance with Bankruptcy Rule 3001, constituting prima facie evidence of a valid claim. The following was filed:

    a. 3001(c)(1) requires a copy of the writing. BNY included a copy of the note, mortgage, and assignment.

    b. 3001(c)(1) requires a statement of the circumstances if the writing was lost or destroyed. This is not applicable.

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document      Page 9 of 12

9

| Debtor: | Andre Ladika |
| --- | --- |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

    c. 3001(c)(2)(A) requires an itemized statement of interest, fees, expenses, or charges. BNY included these items. [Claim 2-1, pp. 4-12, 16].

    d. 3001(c)(2)(B) requires a statement of the amount required to cure default as of the petition date. BNY included the petition date arrearage. [Claim 2-1, p. 4].

    e. 3001(c)(2)(C) requires an escrow account statement prepared as of the petition date, if applicable. BNY included an Escrow Account Disclosure Statement. [Claim 2-1, pp. 39-40].

    f. 3001(d) requires evidence that the security interest has been perfected. BNY attached copies of the mortgage and assignment filed with the Passaic County Clerk. [Claim 2-1, pp. 22, 36-38].

16. Mr. Ladika, as the objecting party, has not produced evidence negating the claim's prima facie validity. Mr. Ladika demands that the Court investigate the proof of claim pursuant to Federal Rule of Evidence 301; however, Bankruptcy Rule 3001 supplements the Federal Rules of Evidence in bankruptcy cases. *Notes of Advisory Committee on Rules* – 1983. And, as set forth above, BNY's proof of claim is supported by the State Court foreclosure judgment which establishes the validity of BNY's mortgage and the amount due. BNY's proof of claim is valid because Mr. Ladika failed to produce evidence negating the claim's prima facie validity. An evidentiary hearing is not necessary.

17. Mr. Ladika makes one argument concerning the BNY proof of claim that has some validity. Part 1, question 2 on the proof of claim asks whether BNY acquired the claim from someone else. [Claim 2-1, p. 1]. The instructions for proofs of claim published by the U.S. Bankruptcy Court clarify that the identity of "the last party who owned the claim or was the holder of the claim

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 10 of 12

| | | 10 |
|---|---|---|
| Debtor: | Andre Ladika | |
| Case No.: | 24-01064 | |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** | |

and who transferred it to you before the initial claim was filed" should be disclosed. *Official Form 410 Instructions, United States Courts website*. BNY should have answered this question in the affirmative because the mortgage and note were acquired from FJMS on September 6, 2011. But since the assignment document was attached to the proof of claim, anyone reviewing it would see that BNY acquired its claim from MERS who was the nominee of FJMS and its successors and assigns. The Court does not see this technical mistake as a reason to deny the proof of claim.

### *BNY is not a Debt Collector under the FDCPA*

18. The Plaintiffs argue that BNY is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") and is falsely filing a claim in this bankruptcy case that it does not own. The Plaintiffs do not specify what specific provision of the FDCPA BNY has violated and what the consequences should be. [ECF No. 11-1]. BNY has submitted evidence that it is the holder of the Ladika mortgage and note and the Plaintiffs have presented no evidence to the contrary. Under the FDCPA, a "debt collector" is any person regularly collecting or attempting to collect debts *due to another*. 15 U.S.C. § 1692a(6). Companies may collect debts that it purchased for its own account without triggering the debt collector status. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81-83 (2017). And, the fact that the debts were in default at the time of the purchase does not change the result. *Id.* at 87.

19. Here, BNY acquired a defaulted debt and is now collecting on the debt for its own account. BNY is not a debt collector under the FDCPA.

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

### *Other – MERS, Shellpoint, and the Statute of Limitations*

20. The Ladika mortgage listed MERS as the nominee for FJMS and its successors and assigns. [Claim 2-1, p. 22]. As such, MERS had the right to exercise any or all interests of FJMS (and its successors and assigns), including foreclosure and sale of the mortgaged property. [*Id.* at 24]. MERS was authorized to execute the assignment of the Ladika mortgage and note on September 6, 2011 to BNY. [*Id.* at 38].

21. NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") is listed in BNY's proof of claim as the entity to which notices and payments to BNY should be sent. [Claim 2-1, p. 1]. In an Addendum to Proof of Claim, Shellpoint disclosed that it services the Ladika mortgage loan and note for BNY. [*Id.* at 15]. Mr. Ladika suggests that Shellpoint is a debt collector under the FDCPA and is implicated in the alleged false assignment of the mortgage and note to BNY. The Court sees Shellpoint as playing an administrative role for BNY for the most part. Mortgage debt servicers like Shellpoint are common in residential mortgage transactions. BNY is seeking to collect its debt on its own account. It may direct that notices and payments be sent to its servicer.

22. Finally, Mr. Ladika suggests that BNY cannot enforce its claim because it is barred by a statute of limitations. This argument has no merit. First, BNY obtained a judgment against Mr. Ladika in State Court. Any statute of limitations arguments should have been raised in the foreclosure action in State Court. Second, it appears that the Complaint filed in State Court in February 2013 was within the 6-year statute set forth in UCC § 3-118.

Case 23-18387-JKS    Doc 53    Filed 11/07/24    Entered 11/07/24 15:57:30    Desc Main
Document    Page 12 of 12

12

| | |
|---|---|
| Debtor: | Andre Ladika |
| Case No.: | 24-01064 |
| Memo: | **Motion for Summary Judgment and Motion for Evidentiary Hearing** |

## Conclusion

23. Pursuant to Federal Rule of Civil Procedure 56, the Court may grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Given that Mr. Ladika or the Plaintiffs have failed to raise genuine disputes as to any material facts concerning BNY's proof of claim or provide evidence of claims against BNY that are not precluded by the Entire Controversy Doctrine, Rooker-Feldman, and res judicata, BNY's Motion for Summary Judgment is granted and this adversary proceeding will be dismissed.